MEMORANDUM **
Seta Kanjian, a native and citizen of Georgia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009). We dismiss in part, grant in part, and deny in part the petition for review.
We lack jurisdiction to address Kanji-an’s contention that the IJ’s behavior led to translation problems because she failed to exhaust this claim before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
Substantial evidence does not support the IJ’s adverse credibility finding because Kanjian ■ testified consistently about the location of where she received medical treatment, and her testimony is not per se lacking in credibility simply because it included details that are not set forth in the asylum application. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996).
In addition, substantial evidence does not support the IJ’s merits finding that the extent of Kanjian’s injuries was unknown, or that her failure to report the incidents of mistreatment to the authorities undermined her claim of persecution. See Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1057-8 (9th Cir.2006) (reporting of persecution not always required where government is responsible for the persecution or where it would have been futile or subjected petitioner to further abuse).
Because the denial of asylum as time-barred rested on the IJ’s adverse credibility finding, we remand the asylum and withholding of removal claims for further proceedings consistent with this disposition, deeming Kanjian’s testimony as credible. See Soto-Olarte v. Holder, 555 F.3d 1089, 1092-93 (9th Cir.2009).
Finally, substantial evidence supports the merits denial of CAT protection because Kanjian failed to show it was more likely than not that she will be tortured if she returns to Georgia or Russia. See Wakkary, 558 F.3d at 1067-68.
PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.